LAW OFFICE OF ANDRÉA MARCUS
*A Professional Corporation*
Andréa Marcus (SBN 188098)
133 E. De La Guerra St., #143
Santa Barbara, CA, 93101
Telephone: (888) 215-9021
Fax Number: (888) 215-9021
Email: andrea@andreamarcuslaw.com

Attorney for Plaintiff, J.R.
(a minor, by and through his mother, Mary Perez)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.R. (a minor, by and through his mother, Mary Perez) <br><br> Petitioner(s), <br><br><br> v. <br><br> VENTURA UNIFIED SCHOOL DISTRICT <br><br> Respondent(s). | Case No *22-2717* <br><br> COMPLAINT <br><br> 1) Violation of IDEA [20 U.S.C. §1400 *et seq.*]; and <br> 2) For Prevailing Party Attorneys' fees |

- 1 -
COMPLAINT

1. Plaintiff, J.R., is disabled (he has autism) and 16-years old. He brings this action through his Guardian Ad Litem and mother, Mary Perez, using only his initials as provided by Federal Rules of Civil Procedure Rule 5.2(a)(3). J.R. seeks partial review of a special education *Decision* rendered by the Office of Administrative Hearings (OAH). He also seeks attorneys' fees for that part of the OAH case where he has already prevailed.

<u>JURISDICTION & VENUE</u>

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff seeks redress under the Individuals with Disabilities Education Act ("IDEA") [20 U.S.C § 1415(i)(3)(A) and Cal. Educ. Code § 5605(k)].

3. This Court has jurisdiction to hear state claims under the doctrine of supplemental jurisdiction set forth at 28 U.S.C. § 1367.

4. Venue in this Court is proper under 20 U.S.C. § 1391(b) because Defendant resides within Ventura County and Plaintiff(s) resided within Ventura County during the events which give rise to his claims, and the events or omissions giving rise to the claims occurred in this judicial district.

<u>PARTIES</u>

5. Plaintiff J.R. ("Plaintiff" or "J.R.") is a minor child with autism, who at all relevant times herein, resided in Ventura, California, which is located within Ventura County and the boundaries of the Ventura Unified School

District.  J.R. is a child with a disability and is entitled to the legal rights and remedies set forth in the IDEA, 20 U.S.C. § 1400 et seq. and is an individual with exceptional needs within the meaning of that term under California Education Code § 56026.

6.  Defendant Ventura Unified School District ("VUSD") is a public school district duly organized and existing under the laws of the State of California and is located within Ventura County, governed by the IDEA and California Education Code.

7.  OAH is a state agency acting under contract with the California Department of Education.  OAH is responsible for handling due process hearings involving issues related to the identification, evaluation, special education and related services or educational placement of a child with a disability, or the provision of a free and appropriate public education ("FAPE") to the child under IDEA and the California Education Code.

PROCEDURAL HISTORY

8.  J.R. filed a complaint with the OAH on April 8, 2021, and, he amended his complaint on August 2, 2021.  J.R.'s complaint was assigned case # 2021040283.  J.R. raised the following issues in trial:

   a.  VUSD failed to assess J.R. in all areas of suspected disability, beginning in 2012;

   b.  VUSD prevented his parents from being able to participate in informed decision-making regarding his education, by withholding

the fact that J.R. was suspected of having, and/or demonstrated symptoms of, autism and related disabilities, since 2012

c.  VUSD prevented his parents from being able to participate in informed decision-making regarding his education, by asserting it had assessed him in all areas of suspected disability, inclusive of autism eligibility, when it hadn't, since 2012.

d.  VUSD failed to offer J.R. Individualized Education Plans ("IEP") reasonably calculated to render him educational benefit.

e.  VUSD failed to implement the IEP he did have, during distance learning due to the COVID-19 pandemic.

9.  An Administrative *Decision* was rendered on January 24, 2022:

a.  OAH determined VUSD had failed to assess J.R. in all areas of suspected disability, namely autism and related pragmatic language, from April 18, 2019, to August 10, 2021.

b.  OAH determined VUSD failed to offer appropriate goals, and therefore IEP, January 15, 2020.

c.  OAH determined VUSD failed to offer appropriate goals and therefore IEP, February 17, 2021.

d.  OAH determined VUSD failed to offer appropriate services in J.R.'s January 15, 2020, IEP.

e.  OAH determined VUSD failed to offer appropriate services in J.R.'s February 17, 2021, IEP.

  f. OAH determined VUSD failed to implement J.R.'s IEP during COVID-19 (April 13, 2020 - June 11, 2020, and August 18, 2020 – April 1, 2021).

10. An Order issued compelling VUSD to reimburse for up to $19,000.00 in compensatory education (estimated to account for 154 hours) and pay for independent assessments in the areas of Speech and Language and Psycho-education.  J.R. does not seek review of this part of the *Decision.*

11. OAH also found: a) that the statute of limitations was not tolled for J.R. to file against VUSD for not assessing for, or therefore serving, his autism disability (inclusive of pragmatic speech and language); b) the statute of limitations was not tolled because VUSD neither withheld information it was required to share with J.R.'s mother, nor misrepresented to her that it had assessed J.R. in all areas of suspected disability, when it had not; c) that J.R. was not owed any more than 152 hours (up to $19,000.00) of compensatory education. J.R. seeks review of only these three issues (a-c, above).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. J.R. has exhausted administrative remedies as alleged in paragraphs 8-11 above.  He is now entitled to file this action as an aggrieved party and to recover attorneys' fees as a prevailing party.  There is nothing more to do to exhaust administrative remedies and/or he is excused from doing so because it would be futile.

## FIRST CAUSE OF ACTION

(Violation of IDEA 20 U.S.C. §1400 *et seq*., and the California

Education Code § 56500 *et seq*.)

13.  J.R. incorporates herein by reference paragraphs 1-12, above.

14.  The OAH *Decision* is not based upon careful and impartial consideration
of all the evidence.  The *Decision* does not address or consider evidence
that supports J.R.'s position.

15.  The OAH *Decision* is not based upon the laws and rules specified in IDEA
or the California Education Code and reflects an abuse of discretion on the
part of the Administrative Law Judge.  The Administrative Law Judge
failed to conduct the hearing in a manner required by law and made
inappropriate rulings.  The *Decision* does not conform to IDEA and
California Education Code.  Plaintiff is entitled to reversal of the *Decision*.

## SECOND CAUSE OF ACTION

(Prevailing Party Attorneys' Fees Under IDEA and Special Education Law)

16.  J.R. incorporates herein by reference paragraphs 1-15, above.

17.  J.R. is entitled to recover prevailing party attorneys' fees under 20 U.S.C.
§1415(i)(3)(B)(i)(I).

18.  J.R. prevailed against VUSD under IDEA when OAH ordered VUSD to
pay for independent educational evaluations and ordered compensatory
education, and otherwise explicitly found J.R. had prevailed.

## PRAYER FOR RELIEF

J.R. prays that judgment be entered against VUSD as follows:

1. An order reversing, in part, the OAH *Decision*;

2. An order compelling VUSD to reimburse all costs incurred properly educating J.R.;

3. An order compelling VUSD to provide J.R. with compensatory education;

4. An order declaring that J.R. is the prevailing party and entitled to attorneys' fees on the issues raised in this Complaint;

5. Prevailing party attorney's fees arising from the OAH *Decision*;

6. For the costs of suit incurred herein; and,

7. For such other and further relief as the Court deems just and proper.

DATED: April 23, 2022

LAW OFFICE OF ANDRÉA MARCUS
*A Professional Corporation*

By: Andréa Marcus

---
- 7 -
COMPLAINT