Melissa Hatch, SBN 247265
HATCH & CESARIO
Attorneys-at-Law
191 W. Wilbur Road, Suite 102
Thousand Oaks, California 91360
Telephone: (805) 639-0090
Facsimile: (805) 980-4218
Email: melissa@hatchcesariolaw.com

Molly Thurmond, SBC 014973
MC LAW GROUP
1241 Johnson Avenue, Ste. 151
San Luis Obispo, CA 93401
Telephone: (805) 979-9052
Facsimile: (805) 979-4816
Email: molly@mcgrouplaw.com

Attorneys for Defendant,
VENTURA UNIFIED SCHOOL DISTRICT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.R. (a minor, by and through his mother, MARY PEREZ)<br><br>Plaintiffs,<br><br>v.<br><br>VENTURA UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | CASE NO. 2:22-cv-02717 DSF (MARx)<br><br>**VENTURA UNIFIED SCHOOL DISTRICT'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, defendant Ventura Unified School District ("Defendant" or "VUSD") answers plaintiff Mary Perez's ("Plaintiff") Complaint for Partial Review of Administrative Due Process Decision and Relief Under the Individuals with Disabilities Education Act [20 U.S.C. § 1400 *et seq*.] ("Complaint"). If an averment is not specifically admitted, it is hereby denied.

1.      In response to Paragraph 1 of the Complaint, Defendant responds that it does not have sufficient information to admit or deny the allegations therein, and on that basis denies the allegations. Defendant denies that Plaintiff is entitled to any relief.

## JURISDICTION AND VENUE

2.      In response to Paragraph 2 of the Complaint Defendant admits that this court has jurisdiction over Plaintiff's claim for redress of and from the OAH Decision issued on January 24, 2022 pursuant to 20 U.S.C sections 1415(i)(2) and 1415(i)(3)(A) of the Individuals with Disabilities Education Act ("IDEA"). To the extent Plaintiff attempts to expand or modify her claims, Defendant denies any such allegations.

3.      In response to Paragraph 3 of the Complaint, Defendant responds that it does not have sufficient information to admit or deny the allegations therein and, on that basis, denies the allegations.

4.      In response to Paragraph 4 of the Complaint, Defendant responds that it does not have sufficient information to admit or deny the allegations therein, and on that basis denies the allegations, except that Defendant admits that venue in this Court is proper.

## PARTIES

5.      In response to Paragraph 5 of the Complaint, Defendant admits that Ventura, California is located within Ventura County and the boundaries of the Ventura Unified School District. As to the remaining allegations, Defendant lacks sufficient information or knowledge to admit or deny them, and on that basis denies those allegations.

6.      In response to Paragraph 6 of the Complaint, Defendant admits the allegations therein.

7.      In response to Paragraph 7 of the Complaint, Defendant responds that Paragraph 7 contains Plaintiff's summary of the law and does not contain any

factual averments to which it must respond. To the extent any factual averments are contained within Paragraph 7, Defendant specifically denies each and every one of them.

## PROCEDURAL HISTORY

8. In response to Paragraph 8 of the Complaint, Defendant admits Plaintiff filed a complaint with the OAH on April 8, 2021, and that he amended his complaint on August 2, 2021. Defendant further admits that Plaintiff's OAH complaint was assigned case number 2021040283.

9. In response to sub-paragraph 8a of the Complaint, Defendant denies that at trial Plaintiff raised the issue whether VUSD failed to assess J.R. in all areas of suspected disability, beginning in 2012. Defendant further responds that the issues Plaintiff raised at the OAH hearing are specifically contained in the OAH Decision, and to the extent Plaintiff purports to expand on those issues, Defendant denies each and every such allegation.

10. In response to sub-paragraph 8b of the Complaint, Defendant denies that at trial Plaintiff raised the issue whether VUSD prevented his parents from being able to participate in informed decision-making regarding his education by withholding the fact that J.R. was suspected of having, and/or demonstrated symptoms of, autism and related disabilities, since 2012. Defendant further responds that the issues Plaintiff raised at the OAH hearing are specifically contained in the OAH Decision, and to the extent Plaintiff purports to expand on those issues, Defendant denies each and every such allegation.

11. In response to sub-paragraph 8c of the Complaint, Defendant denies that at trial Plaintiff raised the issue whether VUSD prevented Plaintiff's parents from being able to participate in informed decision-making regarding his education, by asserting it had assessed him in all areas of suspected disability, inclusive of autism eligibility, when it hadn't, since 2012. Defendant further responds that the issues Plaintiff raised at the OAH hearing are specifically contained in the OAH

Decision, and to the extent Plaintiff purports to expand on those issues, Defendant denies each and every such allegation.

12. In response to sub-paragraph 8d of the Complaint, Defendant responds that this allegation as worded is overly broad, vague and ambiguous such that Defendant is unable to admit or deny the allegation as stated, and on that basis specifically denies the allegation herein. Defendant further responds that the issues Plaintiff raised at the OAH hearing are specifically contained in the OAH Decision, and to the extent Plaintiff purports to expand on those issues or include additional claims of failure, deficiency or wrongdoing related to J.R.'s IEPs, Defendant denies each and every such allegation.

13. In response to sub-paragraph 8e of the Complaint, Defendant admits that at trial Plaintiff raised the issue whether VUSD failed to implement J.R.'s IEP dated January 15, 2020 between April 13, 2020 through June 10, 2021, during the COVID-19 school closures. To the extent Plaintiff's allegations herein purport to include additional claims of implementation failure, deficiency, or wrongdoing related to J.R.'s IEPs, Defendant denies that any such issues were raised at the OAH hearing.

14. In response to Paragraph 9 of the Complaint, Defendant admits that an administrative Decision was rendered on January 24, 2022.

15. In response to sub-paragraph 9a of the Complaint, Defendant admits that the OAH determined VUSD had failed to assess J.R. for autism and pragmatic language from April 8, 2019, to August 10, 2021. Defendant denies that the OAH determined VUSD had failed to assess J.R. "in all areas of suspected disability," other than as admitted herein.

16. In response to sub-paragraph 9b of the Complaint, Defendant admits that the OAH determined VUSD failed to offer appropriate goals in J.R.'s January 15, 2020 IEP to address work completion, attention, and pragmatic language. To the extent Plaintiff alleges the OAH determined any other failures to offer appropriate

goals in J.R.'s January 15, 2020, IEP, Defendant denies that OAH determined VUSD committed any other failures to offer appropriate goals in J.R.'s January 15, 2020, IEP.

17. In response to sub-paragraph 9c of the Complaint, Defendant admits that the OAH determined VUSD failed to offer appropriate goals in J.R.'s February 17, 2021 IEP to address work completion, attention, and pragmatic language. To the extent Plaintiff alleges the OAH determined any other failures to offer appropriate goals in J.R.'s February 17, 2021, IEP, Defendant denies that OAH determined VUSD committed any other failures to offer appropriate goals in J.R.'s February 17, 2021, IEP.

18. In response to sub-paragraph 9d of the Complaint, Defendant admits that the OAH determined VUSD failed to offer appropriate services in J.R.'s January 15, 2020 IEP to address work completion, attention, pragmatic language and reading/dyslexia. To the extent Plaintiff alleges the OAH determined any other failures to offer appropriate services in J.R.'s January 15, 2020, IEP, Defendant denies that the OAH determined VUSD failed to offer any other appropriate services in J.R.'s January 15, 2020, IEP.

19. In response to sub-paragraph 9e of the Complaint, Defendant admits that the OAH determined VUSD failed to offer appropriate services in J.R.'s February 17, 2021 IEP to address work completion, attention, pragmatic language and reading/dyslexia. To the extent Plaintiff alleges the OAH determined any other failures to offer appropriate services in J.R.'s February 17, 2021, IEP, Defendant denies that the OAH determined VUSD failed to offer any other appropriate services in J.R.'s February 17, 2021, IEP.

20. In response to sub-paragraph 9f of the Complaint, Defendant admits that the OAH determined VUSD failed to implement J.R.'s January 15, 2020, IEP during the COVID-19 school closure by failing to implement 17.5 (seventeen and one-half) hours per week of J.R.'s specialized academic instruction, and 2 (two)

hours per month of group speech and language services for 8 (eight) school weeks from April 13, 2020 to June 11, 2020. Defendant further admits that the OAH determined that VUSD did not implement 3.8 hours per week of J.R.'s specialized academic instruction minutes from the January 15, 2020, IEP for 29 (twenty-nine) school weeks, from August 18, 2020 to April 1, 2021. To the extent Plaintiff attempts to expand on the OAH determination as set forth in the January 24, 2022 Decision, Defendant denies each and every such allegation.

21. In response to Paragraph 10 of the Complaint, Defendant admits that the OAH issued an order compelling VUSD to reimburse Plaintiff an amount not to exceed $19,000.00 in compensatory education services. Defendant denies that such reimbursement amount was estimated to account for 154 hours. Defendant admits that the OAH issued an order compelling VUSD to pay, or reimburse, for Dr. BJ Freeman's June 2021 evaluation of J.R. in the amount VUSD and Dr. Freeman had previously agreed to as stated under VUSD's special education local plan area guidelines for psychoeducational evaluation. Defendant further admits that the OAH issued an order compelling VUSD to pay or reimburse for Karen Schnee's June 2021 independent speech and language evaluation of J.R. in the amount of $3,500.00. To the extent Plaintiff attempts to expand the allegations in this paragraph to include any other ordered relief, Defendant denies each and every such allegation.

22. In response to Paragraph 11 of the Complaint, Defendant responds that Plaintiff has mischaracterized the OAH findings to such an extent as to render it impossible to admit or deny the allegations herein. As to the allegations that can be discerned in the context of the OAH Decision rendered on January 24, 2022, Defendant admits that the OAH rejected Plaintiff's claims that the statute of limitations had been tolled, and also determined that Defendant did not deny Student a FAPE by, amongst other things (1) "failing to assess in all areas of disability, specifically autism and other health impairment in May 2012;" (2) "failing to assess

in all areas of disability, specifically autism, in March 2015;" (3) "failing to assess in all areas of disability, specifically autism, in February 2018"; (4) failing to assess in all areas of disability, specifically other health impairment from April 8, 2019 to August 10, 2021;" and (5) misrepresenting or failing to disclose material facts. Defendant further admits that the OAH determined Plaintiff was owed an amount up to $19,000.00 calculated at 152 hours of compensatory education services. To the extent Plaintiff attempts to expand upon or alter the determinations of the OAH as set forth in the January 24, 2022, Decision, Defendant denies each and every such allegation.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

23. Defendant admits that Plaintiff exhausted his administrative remedies only as to the specific issues raised and litigated in the OAH Case No. 2021040283. Defendant denies that Plaintiff exhausted his administrative remedies as to any issues not specifically raised and litigated in the OAH Case No. 2021040283. Defendant further denies that Plaintiff is an aggrieved party, denies that Plaintiff is the prevailing party, and further denies that Plaintiff is entitled to recover any attorneys' fees.

## FIRST CAUSE OF ACTION

(Violation of IDEA 20 U.S.C. §1400 *et seq*., and the California Education Code § 56500 *et seq*.)

24. In response to Paragraph 13 of the Complaint, Defendant realleges its averments and denials in paragraphs 1 through 12 as if fully set forth herein.

25. In response to Paragraph 14 of the Complaint, Defendant denies each and every allegation herein.

26. In response to Paragraph 15, Defendant denies each and every allegation therein.

## SECOND CAUSE OF ACTION

(Prevailing Party Attorneys' Fees Under IDEA and Special Education Law)

27. In response to Paragraph 16 of the Complaint, Defendant realleges its averments and denials in paragraphs 1 through 15 as if fully set forth herein.

28. In response to Paragraph 17 of the Complaint, Defendant denies each and every allegation therein.

29. In response to Paragraph 18 of the Complaint, Defendant denies each and every allegation therein.

## PRAYER FOR RELIEF

30. Defendant denies that Plaintiff is entitled to any of the relief sought in the prayer for relief or for any other remaining allegations.

## AFFIRMATIVE DEFENSES

Defendant pleads the following separate defenses. Defendant reserves the right to assert additional affirmative defenses that may be proper.

Defendant, without prejudice to any other position taken herein, and by way of further answer and defense to the Complaint, asserts the following:

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged that the COMPLAINT and each and every claim therein fails to state a claim upon which relief may be granted, and Plaintiff fails to state any cause of action permitted under the law.

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, it is alleged that Plaintiff has failed to exhaust required administrative remedies.

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, Defendant asserts that the relief sought by Plaintiff is barred and/or reduced in whole or in part by the degree of success rule and notions of fairness and equity.

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

ALLEGATIONS OF THE COMPLAINT, Defendant asserts that Plaintiff is barred and precluded from obtaining the relief sought under the statutory grounds for denial and/or reduction of attorneys' fees and costs under the IDEA, pursuant to 20 U.S.C. § 1415(i)(3)(C)-(D), (F).

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, Defendant alleges that Plaintiff is barred and precluded from recovering attorneys' fees and costs beyond the dates upon which the District transmitted a more favorable statutory offer of settlement pursuant to 20 U.S.C. § 1415(i)(3)(D)(i)(I)-(III).

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, Defendant alleges that Plaintiff is not entitled to a remedy because her and/or her attorneys' actions have been unreasonable or other equitable factors preclude recovery.

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, Defendant alleges that Plaintiff is not entitled to a remedy because the Complaint and underlying action are frivolous, unreasonable, or without foundation and/or Plaintiff continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation.

AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, Defendant alleges that Plaintiff is not entitled to a remedy because the Complaint and underlying action were presented for an improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, Defendant alleges that Plaintiff is precluded from recovering costs not specifically authorized by the IDEA, including for expert witnesses, under *Arlington Central School District Board of Education v. Murphy*, 548 U.S. 291 (2006).

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, Defendant alleges that Plaintiff is precluded from recovering the relief sought by virtue of the doctrine of estoppel.

AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, Defendant alleges that Plaintiff is precluded from recovering the relief sought by virtue of the doctrine of unclean hands.

AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, Defendant alleges that Plaintiff is not entitled to an award of attorneys' fees against Defendant to the extent he is not the prevailing party in the underlying due process proceedings and Defendant prevailed on the majority of issues in the underlying due process proceeding, and further, that any attorneys' fees awarded to Plaintiff must be reduced pursuant to 20 U.S.C. § 1415(i)(3)(D) and 34 C.F.R. § 300.517(c)(2)(i).

AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE ALLEGATIONS OF THE COMPLAINT, Defendant alleges that Plaintiff's claims are barred by the applicable statutes of limitations, including but not limited to 20 U.S.C. § 1415(f)(3)(C), (D), and California Education Code § 56505(l), and legal authority addressing said statutes.

WHEREFORE, having answered the Complaint, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of the Complaint;

2. That Defendant be awarded its reasonable attorney's fees and costs; and

3. For such other and further relief as the Court deems just and proper.

///

///

///

DATED: May 19, 2022

**HATCH & CESARIO**

By: /s/
Melissa Hatch
Attorneys for Defendant
Ventura Unified School District

DATED: May 19, 2022

**MC LAW GROUP**

By: /s/
Molly Thurmond
Attorneys for Defendant
Ventura Unified School District