FAGEN FRIEDMAN & FULFROST LLP
David Mishook (SBN 273555)
70 Washington Street, Ste. 205
Oakland, CA 94607
Phone: 510-550-8200
Fax: 510-550-8211
Email: dmishook@f3law.com

Attorneys for Ventura Unified School District

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main 510-550-8200 • Fax 510-550-8211

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

J.R. (a minor, by and through his mother, MARY PEREZ)

Plaintiff(s),

v.

VENTURA UNIFIED SCHOOL DISTRICT,

Defendant.

Case No.: 2:22-cv-02717 HDV (MARx)

**VENTURA UNIFIED SCHOOL DISTRICT'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF INTERIM ORDER**

Date: October 24, 2024
Time: 10:00 a.m.
Courtroom: 5B

Judge: Hon. Hernán D. Vera

**TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on October 24, 2024 at 10:00 a.m., or as soon thereafter that may be heard, in Department 5B of the above referenced court before the Honorable Hernán D. Vera, Defendant Ventura Unified School District will and hereby does move the Court for reconsideration of its Interim Order Following Administrative Appeal (ECF No. 93).

This motion is brought on the grounds that the Court has acted in excess of its jurisdiction when the Court found that Plaintiff J.R. was *eligible* for IDEA services to address autism beginning in 2012.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, filed concurrently herewith, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

DATED: September 26, 2024

FAGEN FRIEDMAN & FULFROST, LLP

By: /s/ David R. Mishook
David R. Mishook
Attorneys for VENTURA UNIIFED SCHOOL DISTRICT

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main 510-550-8200 • Fax 510-550-8211

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main 510-550-8200 • Fax 510-550-8211

## TABLE OF CONTENTS

I. INTRODUCTION .......... 6
II. BACKGROUND .......... 7
III. ARGUMENT .......... 8
A. Reconsideration Is Appropriate. .......... 8
B. The Issues Which May Be Decided By this Court Are Limited By the Due Process Complaint. .......... 9
IV. CONCLUSION .......... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Unites for Kids v. Lyon*,
2015 WL 5822578 (C.D. Cal. Sept. 30, 2015) ..... 8

*Cnty. of San Diego v. California Special Educ. Hearing Off.*,
93 F.3d 1458 (9th Cir. 1996) ..... 10

*Dep't of Educ., State of Hawaii v. Cari Rae S.*,
158 F. Supp. 2d 1190 (D. Haw. 2001) ..... 11

*Finnegan v. United States*,
2021 WL 8820876 (C.D. Cal. Dec. 20, 2021) ..... 8

*Hoeft v. Tucson Unified Sch. Dist.*,
967 F.2d 1298 (9th Cir. 1992) ..... 10

*Indep. Towers of Washington v. Washington*,
350 F.3d 925 (9th Cir. 2003) ..... 10

*J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist.*,
626 F.3d 431 (9th Cir. 2010) ..... 8, 11

*L.C. on behalf of A.S. v. Issaquah Sch. Dist.*,
2019 WL 2023567 (W.D. Wash. May 8, 2019) ..... 10

*L.J. by & through Hudson v. Pittsburg Unified Sch. Dist.*,
850 F.3d 996 (9th Cir. 2017) ..... 8, 11

*McCarthy v. Madigan*,
503 U.S. 140 (1992) ..... 10

*S.B. by & through Kristina B. v. California Dep't of Educ.*,
327 F. Supp. 3d 1218 (E.D. Cal. 2018) ..... 10

*Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*,
5 F.3d 1255 (9th Cir. 1993) ..... 8

*Tamir v. Virgin Atl. Airlines*,
205 F. App'x 607 (9th Cir. 2006) ..... 10

*Timothy O. v. Paso Robles Joint Unified Sch. Dist.*,
2014 WL 12675212 (C.D. Cal. Apr. 21, 2014) ..... 12

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main 510-550-8200 • Fax 510-550-8211

*Timothy O. v. Paso Robles Unified Sch. Dist.*, 822 F.3d 1105 (9th Cir. 2016) ........ 11, 12

**Statutes**

20 U.S.C. § 1410 ........ 6

20 U.S.C. § 1415 ........ 9, 10

**Rules**

Fed R. Civ. Pro. § 60 ........ 8

**Regulations**

Cal. Code Regs. tit. 5, § 3030(b)(1) ........ 11

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main 510-550-8200 • Fax 510-550-8211

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main 510-550-8200 • Fax 510-550-8211

## I. INTRODUCTION

This matter is before this Court as an administrative appeal under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1410, *et seq.* In 2021, Plaintiff J.R., through his counsel, filed a special education due process request in the California Office of Administrative Hearings ("OAH") naming Ventura Unified School District ("District"). This due process request alleged numerous specific substantive and procedural violations of the IDEA in the provision of special education services to Plaintiff. Of these specific allegations, Plaintiff alleged that the District had failed to assess him for possible eligibility under autism in 2012, 2015, 2018 and 2021. Subsequently, OAH held that Plaintiff had met his burden that the District had failed to assess in autism in 2021. However, also OAH held that Plaintiff could not reach beyond the two year statute of limitations to make similar allegations with regards to assessments in 2012, 2015, and 2018.

Plaintiff appealed to this Court, which held that that Plaintiff was entitled to pierce the statute of limitations and held otherwise that Plaintiff had met his burden that the District had failed to assess for potential autism eligibility. ECF No. 69. Per this Court's order, the Parties submitted supplemental briefing regarding the appropriate remedy for these violations (ECF Nos. 88, 90) and this Court held a hearing regarding remedy on September 4, 2024 (ECF No. 91).

During this hearing, and consistent with its brief on remedies, the District raised that Plaintiff has never alleged that the District erred in not finding him *eligible* under the category of autism and that Plaintiff never challenged the substantive appropriateness of the IEPs in 2012, 2015, or 2018—either on their face or with reference to any potential autism eligibility. ECF No. 90 at 13-5. The District argued that this failure of a factual and legal finding by either OAH or this Court directly informed any remedial order as a result of this Court's holding that the District violated the IDEA by failing to assess Plaintiff for autism in 2012, 2015, 2021.

In this Court's September 10, 2024 Order, this Court, for this first time, held that, "[T]o the extent that there is any doubt, the Court finds that J.R. was eligible for IDEA services to address his autism beginning in 2012." ECF No. 90 at 5. The District seeks reconsideration of this holding on the grounds that it is contrary to the law and in excess of this Court's jurisdiction.

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main 510-550-8200 • Fax 510-550-8211

## II. BACKGROUND

As background, the District provides a short history of the allegations made by J.R. in this matter.

Student J.R. filed his due process complaint with OAH on April 8, 2021. AR 1. The issues alleged by J.R. included whether the District, "Fail[ed] to sufficiently assess [J.R.] in all areas of suspected disability since his initial assessment May 9, 2012 [*sic.*], when it failed to assess him for autism." AR 40. This issue, as framed by OAH based upon the specific allegations of the due process complaint, was litigated as follows:

> Did Ventura deny Student a FAPE by failing to assess in all areas of disability, specifically:
>
> a. autism and other health impairment in May 2012;
>
> b. autism in March 2015;
>
> c. autism in February 2018;
>
> d(i). autism and pragmatic language from April 8, 2019 to August 10, 2021; and
>
> d(ii). other health impairment from April 8, 2019 to August 10, 2021?

AR 1815. The issue of whether the District should have suspected autism so as to trigger the requirement to assess for autism was briefed before OAH by both J.R. and the District. AR 509-15 (J.R.'s Closing Brief); AR 540-50 (District's Closing Brief). Neither party argued whether J.R. should have been *eligible* for services under autism during that time period nor argued whether J.R.'s IEPs were reasonably calculated to provide him a substantive free appropriate public education ("FAPE") during that time period.

J.R. appealed to this Court on April 23, 2022, challenging the OAH decision insofar as J.R. was not permitted to reach beyond the statute of limitations. ECF No. 1. Consistent with the issues raised in OAH, J.R. argued in summary judgment that OAH erred in not allowing him to pierce the statute of limitations so as to raise a failure to *assess* in the area of autism in 2012, 2015, and 2018. ECF No. 31. J.R. did not allege that the District should have made him *eligible* for autism at those times and otherwise cited to no evidence in the record in which J.R. argued below that had the District assessed him for autism in 2012, 2015, or 2018, that the District would have found him

eligible under autism based on the information known at that time. *See*, *J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist.*, 626 F.3d 431, 439 (9th Cir. 2010) (discussing "snapshot rule"). *See, also, L.J. by & through Hudson v. Pittsburg Unified Sch. Dist.*, 850 F.3d 996, 1004 (9th Cir. 2017) (applying "snapshot rule" to eligibility determinations).

This Court's December 21, 2023, Order on Administrative Appeal followed suit. ECF No. 69. After holding that District staff misrepresented and withheld information from J.R.'s parents, this Court held that the District denied J.R. a FAPE beginning in 2012 by failing to "evaluate[] and assess[] for all suspected disabilities." ECF No. 69 at 27.

## III. ARGUMENT

### A. Reconsideration Is Appropriate.

The District recognizes that a motion for consideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Finnegan v. United States*, 2021 WL 8820876, at *1 (C.D. Cal. Dec. 20, 2021) (*quoting*, *Am. Unites for Kids v. Lyon*, 2015 WL 5822578, at *3 (C.D. Cal. Sept. 30, 2015).) Such motions are brought under Rule 60(b) of the Federal Rules of Civil Procedure and Civil Local Rule 7-18, which provides that,

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion. Absent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application.

Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)

Reconsideration is appropriate in these circumstances. As set forth, above, J.R. has not argued in this litigation that the District was required to have found him eligible for services under autism, and, as such, neither the record nor the arguments of the Parties include evidence specific

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main 510-550-8200 • Fax 510-550-8211

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main 510-550-8200 • Fax 510-550-8211

to that issue. This Court's Order on Administrative Appeal did not make any specific factual or legal findings that, in addition to the procedural error of not assessing for eligibility under autism, the District committed the substantive error of failing to find J.R. eligible under autism or of failing to provide J.R. services allegedly specific to that autism diagnosis.

In its brief on remedies, the District raised that the original OAH decision had not held that the District failed to find J.R. eligible under autism, and so did not order a specific remedy related to services for autism needs. At oral argument, this Court engaged in a colloquy regarding the District's position that assessment and eligibility are factually and legally distinct. Until oral argument regarding remedy, the District had no reason to suspect this Court's intent to enter a legal finding that, in addition to not being assessed for autism, J.R. was in fact eligible under the category of autism starting in 2012. The Court's Interim Order Following Administrative Appeal thus includes a holding that is based on a "material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered." As such, reconsideration is warranted.

### B. <u>The Issues Which May Be Decided By this Court Are Limited By the Due Process Complaint and Subsequent Litigation.</u>

Under the IDEA, a party requesting a due process hearing must serve a notice of complaint that includes a "description of the nature of the problem of the child relating to such proposed initiation or change, including facts related to each problem" as well as a "proposed resolution of the problem to the extend known and available to the party." 20 U.S.C. § 1415(b)(7)(A); 20 U.S.C. § 1415(c)(2)(A). The party requesting a hearing may not raise issues that were not raised in the due process request unless there is consent by the other party. 20 U.S.C. § 1415(f)(3)(B). The jurisdiction of this Court is then limited to civil actions "with respect to the complaint presented" in the due process action. 20 U.S.C. § 1415(i)(2)(A).

As set forth, above, the issues framed before OAH before this Court were whether the District violated its obligation to assess in all areas of suspected disability when it did not assess Student for autism in 2012, 2015 and 2018. J.R. did not raise whether the District had failed to make him eligible under autism during that same time period. Had J.R. sought to add the issue of his

eligibility under autism in addition to the allegation of failure to assess for potential autism during the hearing with OAH, OAH would have been authorized to decline to entertain those claims. *See*, *L.C. on behalf of A.S. v. Issaquah Sch. Dist.*, 2019 WL 2023567, at *13 (W.D. Wash. May 8, 2019), *aff'd sub nom. Crofts v. Issaquah Sch. Dist. No. 411*, 22 F.4th 1048 (9th Cir. 2022). Similarly, had J.R. directly argued to this Court that he was required to have been found eligible by the District for special education services under the autism category, this Court would have had no jurisdiction to entertain that claim. *Cnty. of San Diego v. California Special Educ. Hearing Off.*, 93 F.3d 1458, 1465 (9th Cir. 1996). Finally, while in the hearing below J.R.'s counsel argued vociferously against OAH's clarification of his issues before it, J.R. has not raised any procedural fault on appeal, and thus has waived any argument that OAH's framing of his issues was incorrect. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (arguments not raised in opening briefs are waived); *Tamir v. Virgin Atl. Airlines*, 205 F. App'x 607, 608 (9th Cir. 2006) (same). This Court's *sua sponte* holding finding that the District substantively deprived J.R. a FAPE by failing to find him eligible under autism starting in 2012 and failing to provide J.R. "services to address his autism" directly runs afoul of this authority.

The District's position is not merely a matter of legal or factual semantics. State administrative procedures under § 1415 "must be pursued before seeking judicial review." *S.B. by & through Kristina B. v. California Dep't of Educ.*, 327 F. Supp. 3d 1218, 1244 (E.D. Cal. 2018). "The IDEA exhaustion requirements embody principles of administrative law and the educational underpinnings of the IDEA: it is the agencies, not the courts, which 'ought to have primary responsibility for the programs Congress has charged them to administer.'" *Id.* (*quoting, McCarthy v. Madigan*, 503 U.S. 140, 144 (1992).) "Exhaustion of the administrative process allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children." *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1303 (9th Cir. 1992).

The record developed below—reflected in the Parties' briefing to this Court—includes

**Fagen Friedman & Fulfrost, LLP**
70 Washington Street, Suite 205
Oakland, California 94607
Main 510-550-8200 • Fax 510-550-8211

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main 510-550-8200 • Fax 510-550-8211

evidence to address the question of whether school staff had reason to suspect that J.R. might have autistic-like characteristics triggering an obligation to conduct a full assessment for autism. As the issues before OAH and this Court were not whether J.R. should have been found eligible for autism during that time period, there is not an evidentiary record addressing whether—had an assessment been conducted—the District would have been obligated to conclude that J.R. required special education and related services as a result of autism eligibility in any of the three assessments at issue based upon the specific information known at those times. *See*, *J.W. ex rel. J.E.W.*, 626 F.3d at 439 (discussing "snapshot rule"). *See, also, L.J. by and through Hudson*, 850 F.3d at 1004 (applying "snapshot rule" to eligibility determinations). As the OAH decision facially reflects, OAH did not engage in any "exploration of technical educational issues" with regards to eligibility at any time—including the time period addressed by OAH in which OAH otherwise held that the District failed to assess J.R. for autism.

In the context of this Court's consideration of an appropriate remedy, the District provided this Court with the definitional and legal distinction between suspicion of disability and eligibility determination under a disabling category. ECF No. 90 at 13-4 (drawing distinction in relation to the OAH remedial order). A disability is suspected when a district is put on notice that a child displays symptoms of a particular disability or disorder. *Timothy O. v. Paso Robles Unified Sch. Dist.*, 822 F.3d 1105, 1119 (9th Cir. 2016). "[T]he threshold for 'suspicion' is relatively low, and [] the inquiry [is] not whether or not [a student] actually *qualifie[s]* for services, but rather, [is] whether [a student] should be *referred* for an evaluation." *Dep't of Educ., State of Hawaii v. Cari Rae S.*, 158 F. Supp. 2d 1190, 1195 (D. Haw. 2001). By contrast, a child qualifies as an individual with special needs when an assessment conducted pursuant to legal standards demonstrates that the degree of the child's impairment requires special education services. Cal. Code Regs. tit. 5, § 3030(b)(1). In other words, an Individualized Educational Program ("IEP") team must both conclude that a child exhibits a disability that meets the definition of an eligibility category under the IDEA and conclude that the child requires special education services as a result of that disabling condition.

In its September 10 order, this Court cites *Timothy O.* for its conclusion that the District was also obligated to find J.R. eligible under autism and provide him services for autism. However the

*Timothy O.* case requires further exploration. In its decision, the Ninth Circuit—finding that Paso Robles Unified School District had failed to assess the plaintiff for autism—held that,

> [The] failure to assess [student] for all areas of suspected disability deprived his IEP Team of critical evaluative information about his developmental abilities as an autistic child. That deprivation made it impossible for the IEP Team to consider and recommend appropriate services necessary to address [student's] unique needs, thus depriving him of critical educational opportunities and substantially impairing his parents' ability to fully participate in the collaborative IEP process.

*Timothy O.*, 822 F.3d at 1119. While this might imply that the Ninth Circuit itself elides suspicion of disability with eligibility, in fact *Timothy O.* presented a starkly different factual and legal scenario. As explained in the District Court decision appealed in the *Timothy O.* case, after a time period in which Paso Robles Unified School District had failed to assess the student for eligibility in autism despite the child having been suspected of autism in outside evaluations, Paso Robles Unified subsequently assessed and found the student eligible under the autism category. *Timothy O. v. Paso Robles Joint Unified Sch. Dist.*, 2014 WL 12675212, at *8-9 (C.D. Cal. Apr. 21, 2014). Critically, in their due process complaint with OAH, the *Timothy O.* plaintiffs "argue[d] that the District's failure to *make L.O. eligible as autistic-like* violated his procedural rights under the IDEA." *Id.* at * 12 (emphasis added). Thus, unlike the instant case, the record before the Ninth Circuit in *Timothy O.* included both evidence of IDEA eligibility and a specific legal allegation that Paso Robles Unified had not only failed to assess the student for autism, but had failed to make the student eligible under autism.

The District does not seek here to attack this Court's prior holding that a failure to assess J.R. for autism in 2012, 2015 and 2018 constituted a procedural violation that hindered J.R.'s parents' opportunity to participate in the IEP formulation process. However, this Court's clarification on September 10 that it has concluded that the District violated J.R.'s right to a FAPE by not making J.R. eligible for autism and by not providing J.R. services to address autism constitutes a ruling on an unpled, unlitigated, and therefore, unexhausted claim. As this Court's jurisdiction to arrive at such a holding has not been addressed by the District (or, indeed, Plaintiff), the District respectfully asks this Court reconsider its ruling in light of the legal authorities set forth herein.

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main 510-550-8200 • Fax 510-550-8211

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main 510-550-8200 • Fax 510-550-8211

**IV. CONCLUSION**

This Court's clarification in its September 10, 2024, Order that it holds that the District violated the IDEA by not making J.R. eligible for services under autism and by not providing J.R. services to address that autism starting in 2012 is outside this Court's jurisdiction. Plaintiff did not litigate before OAH, and thus did not exhaust, any claim that apart from failing to assess J.R. for autism, the District was required to find J.R. eligible under autism and provide J.R. with unspecified autism-related services. As the District did not have the opportunity to address this Court's holding in any prior briefing, the District believes that reconsideration of this Court's order is appropriate.

DATED: September 26, 2024 FAGEN FRIEDMAN & FULFROST, LLP

By: /s/ David R. Mishook
David R. Mishook
Attorneys for Ventura Unified School District

764-222/7061013.1