UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | 2:22-cv-02717 HDV (MARx) | Date | July 30, 2025 |
|---|---|---|---|
| Title | *J.R. v. Ventura Unified School District* | | |

| Present: The Honorable | Hernán D. Vera, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE COMPLIANCE [171]**

Before the Court is Plaintiff's Motion to Enforce Compliance with the Court's Order ("Motion"). [Dkt. No. 171]. Plaintiff obtained a judgment for compensatory education and now seeks to enforce the Court's education-related order while it remains pending on appeal.

For the reasons discussed below, the Court grants Plaintiff's Motion.

**I.    BACKGROUND**

J.R., through his parent, sought review of the California Office of Administrative Hearings' findings. Complaint ¶ 11 [Dkt. No. 1]. This Court found that the statute of limitations did not bar J.R.'s pre-2019 claims and that the district's failure to assess J.R. for autism denied J.R. a free appropriate public education from 2012 onwards in violation of the Individuals with Disabilities Education Act ("IDEA"). Order on Administrative Appeal 23–30 [Dkt. No. 69].

The Court ordered that Defendant provide J.R. with $510,960 in compensatory education through a special needs trust. Order on Remedy 18–19 [Dkt. No. 135]. In particular, the Court ordered 25 hours per week of Applied Behavioral Analysis ("ABA") services targeting useful life skills, ten hours per week of intensive literacy skills tutoring, two hours per week of speech services, and $200 per week of transportation services for three years. *Id.* at 18. The Court also ordered $6,000 for the cost of establishing a special needs trust. *Id.* at 19. The Court entered judgment on December 23, 2024. [Dkt. No. 137].

Defendant appealed, [Dkt. No. 142] and moved to stay execution of judgment pending appeal. [Dkt. No. 146]. The Court denied Defendant's motion to stay, applying traditional injunctive standards. Order Denying Motion to Stay 5–7 [Dkt. No. 164]. On May 21, 2025, the Ninth Circuit denied Defendant's motion to stay this Court's Order on Remedy and judgment. [Dkt. No. 170].

Despite Defendant's repeated failure to obtain a stay, Defendant has not funded the special needs trust. Defendant objects that the proposed trust language did not contain language ensuring that the funds be managed and disbursed in compliance with the Court's order. Declaration of Andréa Marcus ("Marcus Decl.") ¶ 14 [Dkt. No. 171-1], Ex. C at 2–3 [Dkt. No. 171-6]. Further, Defendant maintains that California Government Code sections 970.4 and 970.5 permit it to delay funding of the trust until fiscal year 2025–26. *Id.*, Ex. C at 3.

Defendant also requested a line-item accounting for the trust attorney's billing request, which the trust attorney provided. *Id.* ¶ 16, Ex. E at 3 [Dkt. No. 171-8]; *Id.* ¶ 17, Ex. F [Dkt. No. 171-9]. Defendant has similarly not paid the trust attorney.

Plaintiff now brings the instant motion, seeking the Court to enforce compliance with its Order on Remedy and to impose coercive sanctions in the amount of $1,000 a week. Motion at 18. Defendant opposes, contending that California law permits it to satisfy the judgment on or before June 30, 2027. Defendant's Opposition to Motion ("Opposition") 3 [Dkt. No. 176]. The Court heard oral argument on July 24, 2025 and took the matter under submission. [Dkt. No. 181].

## II.   DISCUSSION

As an initial matter, the Court's Order on Remedy specified that the charitable trust should be used to fund ABA services, intensive literacy skills tutoring, speech services, and transportation services. Order on Remedy 18–19. The Court agrees with Defendant that the trust language should reflect these limitations. Opposition at 5–6.

Defendant contends that, pursuant to California Government Code sections 970.4 and 970.5, it is not required to fund the trust until 2027, as this Court's judgment will not become final until the Ninth Circuit issues its mandate. *Id.* at 3–4. The Court is unconvinced that these provisions apply.

Federal Rule of Civil Procedure 69(a)(1) governs the applicable procedure for "money judgment[s]." Fed. R. Civ. P. 69(a)(1) ("The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."). California law provides "the governing body of a local public entity shall pay, to the extent funds are available in the fiscal year in which it becomes final, any judgment, with interest thereon, out of any funds to the credit of the local public entity . . ." Cal. Gov't Code § 970.4. A judgment refers to "a final judgment for the payment of money rendered against a local public entity." *Id.* § 970(b). Courts within the Ninth Circuit have interpreted these provisions to apply to money judgments. *Leuzinger v. Cnty. of Lake*, 253 F.R.D. 469, 473–74 (N.D. Cal. 2008) (emphasis in

original) ("*Money judgments* against *local public* entities, however, are enforced under article 1 of chapter 2 of part 5 of division 3.6 of title I of the Government Code, consisting of sections 970 through 971.2."); *Wright v. Tehachapi Unified Sch. Dist.*, No. 1:16-CV-01214-JLT, 2020 WL 1287982, at *3 (E.D. Cal. Mar. 18, 2020) ("In California, money judgments against local public entities are enforced under article 1 of chapter 2 of part 5 of division 3.6 of title I of the Government Code, consisting of sections 970 through 971.2.").

As the Court noted in its Order Denying Defendant's Motion to Stay, awards of compensatory education for violations of the IDEA are equitable remedies. Order Denying Motion to Stay at 4; *see R.P. ex rel. C.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1125 (9th Cir. 2011); *Park, ex rel. Park v. Anaheim Union High Sch. Dist.*, 464 F.3d 1025, 1033 (9th Cir. 2006); *Marcus I. ex rel. Karen I. v. Dep't of Educ.*, No. CIV-10-00381-SOM, 2012 WL 3686188, at *2 (D. Haw. Aug. 24, 2012) ("Although this court's [order] requires the [Department of Education] to pay money, it is not a money judgment."). Defendant does not cite to any authority applying sections 970 through 971.2 to compensatory education or to any other form of equitable relief.[1]

The Court's Order effectuates the *federal* purpose of the IDEA by providing an equitable remedy designed to rectify Defendant's failure to provide a free appropriate public education. Were it accepted, Defendant's argument would effectively prioritize a California provision dealing with the timing of money damages over this Court's equitable powers to remedy violations of federal civil rights law, and by doing so would necessarily nullify the time-sensitive education goals of this Court's compensatory education award. There is no authority for this perverse reversal of preemption. To the contrary, where, as here, state execution statutes conflict with federal law, federal law preempts state law. *Leuzinger*, 253 F.R.D. 476 (finding that Federal Rule of Civil Procedure 62's prohibition on unsecured stays preempted a conflicting state statute). Here, both this Court and the Ninth Circuit have already analyzed Defendant's motion to stay under Rule 62 and denied it. The Court will not countenance further delays.[2]

Defendant is ordered to fund the charitable trust in compliance with the Court's judgment by **August 28, 2025**.

**IT IS SO ORDERED.**

---

[1] Defendant points to *Wright v. Tenachapi Unified School District* and *Quatro v. Tenachapi Unified School District*, but both orders sought to compel the payment of attorneys' fees and costs, not to compel the provision of compensatory education. Opposition at 3, Ex. A at 4 [Dkt. No. 176-1] at 8 (ordering the district to "pay awarded attorneys' fees and costs"); *id.*, Ex. B [Dkt. No. 176-2] (ordering the district to "pay the awarded attorneys' fees and costs, including post-judgment interest"). California Government Code sections 970.4 and 970.5 apply, however to the trust attorney's fees.

[2] The Court may impose sanctions "to coerce the defendant into compliance with [its] order[.]" *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016).